United States District Court
for the
Southern District of Florida

| Karrie Schaubroeck, Plaintiff, | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 19-25037-Civ-Scola |
| Federal Express Corporation, | ) | |
| Defendant. | ) | |
| | ) | |

**Order on the Defendant's Motion to Transfer the Case**

Now before the Court is the Defendant Federal Express Corporation's motion to transfer the case to the Middle District of Florida. For the reasons set forth below, the Court **grants** the Defendant's motion (**ECF No. 19**).

The Plaintiff Karrie Schaubroek filed this suit against her former employer Federal Express Corporation ("FedEx") for sex discrimination and retaliation in violation of Title VII and the Florida Civil Rights Act. (Compl., ECF No. 1.) She worked at the FedEx office in Polk County, Florida at the time that she experienced the alleged sex discrimination. (*Id.*)

The parties agree that the Middle District is a more convenient forum within the meaning of 28 U.S.C. § 1404(a) because all of the acts in the complaint allegedly occurred in the Middle District of Florida, all of the witnesses reside there, and all of FedEx's records are there. (Mot., ECF No. 15 at ¶¶ 6-8; Resp., ECF No. 17.) However, the Plaintiff "prefers to have her civil rights case be heard in the most metropolitan, progressive and diverse city as well as county of Florida." (ECF No. 17 at 2.) She argues that, despite the § 1404 factors weighing in favor of transfer, the civil rights venue provision prevents transfer of the case to the Middle District of Florida. The Court does not agree.

Title VII's venue provision provides, in relevant part, that an action brought under Title VII "may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed." 42 U.S.C. § 2000e-5(f)(3). Since the alleged discrimination took place in Florida, the Plaintiff was free to sue in any of the state's three federal judicial districts. *Id.* Schaubroeck argues that this venue provision, which allowed her to file suit in the Southern District of Florida, also prevents the case's transfer to the Middle District of Florida under 28 U.S.C. § 1404(a). In support, she cites *Gilbert v. General Electric Co.*, in which a court in the Eastern District of Virginia denied a motion to transfer the case to the Western District of Virginia because the plaintiff was permitted to choose the forum in any part of the state. 347 F. Supp.

1058, 1060 (E.D. Va. 1972). FedEx cites an Eastern District of Louisiana case that came to the opposite conclusion. *EEOC v. Parish Water Work's Company, Inc.*, 415 F. Supp. 124 (E.D. La. 1976). That case holds that civil rights cases can be transferred under § 1404, and that Title VII's venue provision does not give the plaintiff the absolute right to litigate in his or her forum of choice. *Parish Water Work's Company, Inc.*, 415 F. Supp. at 125.

The Eleventh Circuit has held that § 1404 applies to civil rights cases. *See Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 655 (11th Cir. 1993) (upholding a district court's decision to transfer a case pursuant to § 1404, despite Title VII's venue provision). It held that, although the Plaintiff could have filed suit initially in any district within the state, a district court could still transfer the case pursuant to § 1404. *Id.* ("Appellants have failed to convince this court that suits under Title VII lie outside the purview of the transfer clause of 28 U.S.C. § 1404"); *see also, Monds v. Sessions*, 2019 WL 3781619, *2 (N.D. Fla. June 6, 2019) (applying section 1404 to a civil rights case despite Title VII's venue provision); *Richardson v. Alabama State Bd. of Educ.*, 935 F.2d 1240, 1248 (11th Cir. 1991) (applying 28 U.S.C. § 1404 to Title VII case). Therefore, the Court must apply the § 1404 factors, and it has determined that transfer of this case to the Middle District of Florida is proper, as it is the more convenient forum.

In sum, the Court **grants** the Defendant's motion to transfer the case to the Middle District of Florida (**ECF No. 19**). The **Clerk** shall take all necessary steps to ensure the prompt **transfer** of this action to the United States District Court for the Middle District of Florida.

**Done and ordered** at Miami, Florida on April 10, 2020.

Robert N. Scola, Jr.
United States District Judge